1  SANFORD I. MILLAR, SBN 66872
   MILLAR LAW
2  DALE E. MOTLEY, SBN 69208
   OGDEN & MOTLEY
3  1900 Avenue of the Stars, Suite 2300
   Los Angeles, California  90067
4
   (310) 788-8674; Fax (310) 556-3094
5  (310) 286-6760; Fax (310) 286-7419
   Email: **smillar@millarlaw.net**, **dalemotley@msn.com**
6
   Attorneys for Plaintiff,
7  MARCUS MIHALCHEON

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MARCUS MIHALCHEON,                    )   Case No.
                                          )
12              Plaintiff,                )   **COMPLAINT FOR DAMAGES**
                                          )   **FOR ILLEGAL COLLECTION**
13  vs.                                   )   **ACTIONS**
                                          )
14  UNITED STATES OF AMERICA,             )
                                          )
15              Defendant.                )
                                          )   **DEMAND FOR JURY TRIAL**
16  ─────────────────────────────        )

17

18                      **PRELIMINARY ALLEGATIONS**

19        1.     This is an action for intentional disregard of the statutes and regulations

20  under the Internal Revenue Code by the Defendant.

21        2.     *26 U.S.C. §7433* provides that if, in connection with any collection of

22  Federal tax, an officer or employee of the Internal Revenue Service, intentionally or by

23  reason of negligence disregards any provision of Title 26, or any regulations

24  promulgated under that title, then the affected taxpayer may bring a civil action for

25  damages against the United States in the District Court of the United States.

26                          **PARTY ALLEGATIONS**

27        3.     Plaintiff, MARCUS MIHALCHEON, is an individual taxpayer of the

28  United States, residing in the County of Los Angeles, State of California.

4.     Defendant is the UNITED STATES OF AMERICA.

**JURISDICTION AND VENUE ALLEGATIONS**

5.     The District Court has original jurisdiction over this "federal question" under *28 U.S.C. §1331* and *28 U.S.C. §1346.*

6.     Venue is proper in this district pursuant to *28 U.S.C. §1391.* The Plaintiff resides in this district. The Defendant is present in this district; a substantial part of the events or omissions giving rise to the claim occurred in this district; and/or a substantial part of the property that is the subject of this action is situated in this district.

**FACTUAL ALLEGATIONS**

7.     On or about April 22, 2021 the Internal Revenue Service wrongfully assessed a civil penalty against Plaintiff in the amount of $7,200,000.00 for failing to timely file IRS Form 3520 timely for tax year 2018. In truth and in fact, Plaintiff, through his CPA, timely filed Form 3520 on October 15, 2019 by having deposited it in the United States mail, addressed to the Ogden Service Center.

8.     In accordance with *26 U.S.C. §7502*, the "Mailbox Rule," Defendant was deemed to have received Form 3520 on October 15, 2019, which was timely. The Internal Revenue Service erroneously determined that the date of receipt of the Form 3520 was the date of receipt at the Ogden Service Center , which according to the records produced with the response to Plaintiff's FOIA Request was October 19, 2019, and assessed the subject penalty.

9.     On or about May 12, 2021, the Internal Revenue Service served a Notice of Levy on the Plaintiff's securities broker, Wells Fargo Bank (Clearing Services), and wrongfully seized the sum of $2,339,660.89. A redacted copy of a notice from Wells Fargo Advisors indicating the amounts taken by the Internal Revenue Service pursuant to the wrongful levy is attached to this complaint as **Exhibit "A."**

10.     When the Internal Revenue Service levied on the Plaintiff's securities account, at Wells Fargo Bank, the following shares of publicly traded stocks were sold to satisfy the levy:

13,794 shares of Apple

1,167 shares of Ferrari

11.     Since the levy, the Apple stock rose $22.16 a share, for a total of $305,675.04.

12.     Since the levy, the Ferrari stock rose $98.33 a share, for a total of $114,751.11.

13.     The Internal Revenue Service also wrongfully recorded a Notice of Federal Tax Lien for the year 2018 in the amount of $7,200,000.00.

14.     Immediately after learning of the improper levy and lien, on July 21, 2022, Plaintiff filed a timely request for a Collection Due Process hearing under *IRC §6320*. Pursuant to *IRC §6320(c)* and *IRC §6330(e)*, upon the filing of a Collection Due Process ("CDP") request, all Internal Revenue Service collection activities "shall be suspended."

15.     Plaintiff filed IRS Form 843 Claim For Refund and Abatement of Tax on or about August 10, 2022.  More than six (6) months passed after that filing and the Internal Revenue Service did not respond.

16.     On February 22, 2023, the Plaintiff filed a lawsuit based upon the improper levy.

17.     On May 26, 2023, the Internal Revenue Service sent a "Tax Refund" check to the Plaintiff in the amount of $2,422,174.03.  A redacted copy of that check is attached to this complaint as **Exhibit "B."**   Thereafter, the Internal Revenue Service also withdrew the Federal Tax Lien.

18.     On May 31, 2023, the Internal Revenue Service issued a decision on the Plaintiff's Collection Due Process Equivalent Hearing finding that the Plaintiff had timely filed his 2018 return, including form 3520, and that the levy by the Internal Revenue Service on the Plaintiff's securities account was improper.  A redacted copy of that decision is attached to this complaint as **Exhibit "C."**

19.     After the payment of $2,422,174.03 to the Plaintiff by the Internal Revenue Service, the Plaintiff is still owed and entitled to recover, pursuant to *26 U.S.C. § 7433*,

the following additional damages:

      $305,675.04 - Apple stock increase / *26 U.S.C. § 7433(b)(1)*

      $114,751.11 - Ferrari stock increase / *26 U.S.C. § 7433(b)(1)*

      $  97,581.25 - Attorney's fees / *26 U.S.C. § 7433(b)(2)*

      $    480.38 - Costs / *26 U.S.C. § 7433(b)(2)*

      $ 518,487.78 - Total

20.    On or about July 19, 2023, The Plaintiff made a demand on the Internal Revenue Service for $518,487.78.  In connection with that demand, the Plaintiff served the Internal Revenue Service with IRS Form 911.  An unsigned copy of that letter, with fax confirmation, is attached to this complaint as **Exhibit "D."**

21.    More than six (6) months passed after that demand and the Internal Revenue Service did not respond.

22.    Plaintiff demands a jury trial of all issues of fact in this case.

**COUNT ONE**

**CLAIM FOR DAMAGES FOR NEGLIGENT**

**COLLECTION OF FEDERAL TAX**

23.    The Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 22 herein and by this reference incorporates same as though they were fully set forth hereat.

24.    In connection with the above-referenced collection of the Federal tax from the Plaintiff, the officers and/or employees of the Internal Revenue Service negligently disregarded the provisions and/or regulations promulgated under *Title 26 of the United States Code*.

25.    As a direct and proximate result of the conduct of the Internal Revenue Service as herein alleged, the Plaintiff has been damaged in the amount of $518,487.78 and is entitled to recover pursuant to *26 U.S.C.  § 7433* and *26 CFR § 301.7433-1.*

///

///

### COUNT TWO

### CLAIM FOR DAMAGES FOR RECKLESS OR INTENTIONAL COLLECTION OF FEDERAL TAX

26.     The Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 22 herein and by this reference incorporates same as though they were fully set forth hereat.

27.     In connection with the above-referenced collection of the Federal tax from the Plaintiff, the officers and/or employees of the Internal Revenue Service recklessly or intentionally disregarded the provisions and/or regulations promulgated under *Title 26 of the United States Code.*

28.     The reckless or intentional disregard by the officers and/or employees of the Internal Revenue Service is evidenced, without limitation, by the fact that, at all relevant times herein mentioned, the Internal Revenue Service knew of *26 U.S.C. §7502*, the "Mailbox Rule," and that the Internal Revenue Service was deemed to have received the Plaintiff's Form 3520 on October 15, 2019, which was timely.

29.     The reckless or intentional disregard by the officers and/or employees of the Internal Revenue Service is also evidenced, without limitation, by the fact that, at all relevant times herein mentioned, the Internal Revenue Service had in its possession the actual envelope bearing the United States Postal Service stamp cancellation dated October 15, 2019.

30.     As a direct and proximate result of the conduct of the Internal Revenue Service as herein alleged, the Plaintiff has been damaged in the amount of $518,487.78 and is entitled to recover pursuant to *26 U.S.C. § 7433* and *26 CFR § 301.7433-1.*

### Plaintiff's Prayer For Relief

Wherefore, Plaintiff, MARCUS MIHALCHEON, requests judgment for:

### On All Claims for Relief:

1. For all damages caused by the wrongful actions of the Internal Revenue Service in an amount according to proof, but no less than $ 518,487.78;

2.  For prejudgment interest according to proof;

3.  For reasonable attorney's fees according to proof;

4. For all costs of suit; and

5. For such other and further relief as the Court deems just and proper.

DATED: January ___26___ , 2024

OGDEN & MOTLEY,

By: _____*/s/ Dale E. Motley*_____
DALE E. MOTLEY,
Attorney for Plaintiff,
MARCUS MIHALCHEON

## DEMAND FOR JURY TRIAL

Pursuant to *Federal Rules of Civil Procedure, Rule 38*, Plaintiff, MARCUS MIHALCHEON, hereby demands a jury trial.

DATED: January ___26___, 2024

OGDEN & MOTLEY,

By: _____*/s/ Dale E. Motley*_____
DALE E. MOTLEY,
Attorney for Plaintiff,
MARCUS MIHALCHEON

# EXHIBIT A

COMPLAINT

**WELLS FARGO** **Advisors**

For Return Mail Purposes Only
N9777-010
PO BOX 5275
Sioux Falls, SD 57117-5275

**CONFIRMATION**
DATED 05/09/22

**Account Number** ▇▇▇▇
YOUR INVESTMENT PROFESSIONAL
WELLSTRADE
1-800-TRADERS
800-872-3377

0008405    01 AB 0.461 **AUTO T6 3 1723 90272-414424   -C02-P08413-I

MARCUS T MIHALCHEON

GO PAPERLESS AND VIEW YOUR TRADE CONFIRMATIONS AND OTHER ACCOUNT DOCUMENTS ONLINE.
LOG INTO YOUR BROKERAGE ACCOUNT AT WWW.WELLSFARGO.COM AND SELECT DELIVERY
PREFERENCES UNDER THE STATEMENTS AND DOCUMENTS TAB TO TURN OFF PAPER DELIVERY.

| SOLD | | | QUANTITY | PRICE | PRINCIPAL |
|---|---|---|---|---|---|
| APPLE INC | | | 8,838 | 153.230000000 | 1,354,246.74 |
| | | | 3,348 | 153.250000000 | 513,081.00 |
| | | | 980 | 153.240000000 | 150,175.20 |
| | | | 502 | 153.280000000 | 76,936.52 |
| | | | 100 | 153.261000000 | 15,326.10 |
| | | | 20 | 153.241000000 | 3,064.82 |
| | | | 4 | 153.251000000 | 613.00 |
| | | | 2 | 153.270000000 | 306.54 |
| | | | 13,794 | 153.236906800 average price | 2,113,749.92 |

| SYMBOL | AAPL | ACCOUNT TYPE | CASH | OTHER FEE* | 10.79 |
|---|---|---|---|---|---|
| SECURITY NUMBER | | TRADE DATE | 05/09/22 | | |
| CUSIP | 037833-10-0 | SETTLEMENT DATE | 05/11/22 | **NET AMOUNT** | **$2,113,739.13** |
| UNSOLICITED | | | | | *SEE ITEM 9 ON PAGE 2 |

**ORDER ENTRY NOTE:** *** LEGAL SELLOUT ***
**SECURITY INFORMATION:** QUARTERLY PAY.

| SOLD | | | QUANTITY | PRICE | PRINCIPAL |
|---|---|---|---|---|---|
| FERRARI NV NEW | | | 1,167 | 192.430000000 | 224,565.81 |

| SYMBOL | RACE | ACCOUNT TYPE | CASH | OTHER FEE* | 1.15 |
|---|---|---|---|---|---|
| SECURITY NUMBER | | TRADE DATE | 05/09/22 | | |
| CUSIP | N3167Y-10-3 | SETTLEMENT DATE | 05/11/22 | **NET AMOUNT** | **$224,564.66** |
| UNSOLICITED | | | | | *SEE ITEM 9 ON PAGE 2 |

**ORDER ENTRY NOTE:** *** LEGAL SELLOUT ***
**SECURITY INFORMATION:** ANNUALLY PAY. FOREIGN SECURITY SUBJECT TO TAX.

**Investment and Insurance Products are:**
- Not Insured by the FDIC or Any Federal Government Agency
- Not a Deposit or Other Obligation of, or Guaranteed by, the Bank or Any Bank Affiliate
- Subject to Investment Risks, Including Possible Loss of the Principal Amount Invested

Wells Fargo Advisors is a trade name used by Wells Fargo Clearing Services, LLC, a registered broker-dealer and non-bank affiliate of Wells Fargo & Company.

For Address Correction And Payment Due Instructions Please Refer To Contact Information On Page 2 Of This Confirmation
205 Q5 HV05

9

1 of 1                                    6/30/2022, 7:30 PM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

**IRS** DEPARTMENT OF THE TREASURY
**Internal Revenue Service**
**Independent Office of Appeals**
Appeals:MS 8000
4041 N. Central Ave, Suite 112
Phoenix, AZ 85012

MAY 3 1 2023

Person to contact:
Name: Deborah Connors
Employee ID Number: ~~████████~~
Phone: 602-636-9016
Fax: 866-585-6125
Hours: 8:00 AM to 2:00 PM  MTN
Tax periods:
Civil Penalty Assessment: 12/31/2018

MARCUS MIHALCHEON
~~████████████████~~
~~████████████████~~

RE: Collection Due Process Equivalent Hearing Decision

Dear Marcus Mihalcheon:

We concluded your Collection Due Process equivalent hearing. During the hearing we:

- Provided an impartial Appeals officer or an employee who had no prior involvement with your case, unless you waived that right.
- Considered the issues.
- Verified that the IRS followed applicable laws and administrative procedures.
- Determined whether the collection action is balanced with efficient tax collection, and isn't more intrusive than necessary.

You indicated you agree with our decision, and didn't raise issues on the timeliness of your hearing request.

The Appeals decision is:

To adjust your account as follows:
The Miscellaneous Penalty that was assessed on 05/17/2021 in amount of $ 7,200,000.00 will be reversed completely. You timely filed, and was granted, an extension of time to file with respect to your 2018 Form 1040.  Therefore you are not liable for the § 6039F penalty that was assessed against you and should abated.  The levy action is not sustained.

We are returning your case to the IRS Collection Office for action consistent with our decision. If you have questions, you can contact the person shown at the top of this letter.

Letter 5145 (Rev. 10-2021)
Catalog Number 61685P

| Type of Tax(es) | Tax Period(s) | Date of CDP Notice | Type of hearing | Date used to determine timeliness |
|---|---|---|---|---|
| Civil Penalty Assessment | 12/31/2018 | 08/04/2021 | 6330 | 07/20/2022 |

## SUMMARY AND RECOMMENDATION

You filed a request for a Collection Due Process (CDP) hearing under Internal Revenue Code (IRC) § 6330 following receipt of Letter 1058, Notice of Intent to Levy and Notice of Your Right to a Hearing. Your request for a CDP hearing was not timely made as it was not received or postmarked within 30 days of the Letter 1058. You requested and were granted an Equivalent Hearing.

An impartial Appeals Officer who had no prior involvement with this tax and tax period conducted your hearing unless you waived that right. Appeals has verified that applicable laws and administrative procedures have been met, has considered the issues raised, and has balanced the proposed Collection action with the legitimate concerns that such action be no more intrusive than necessary as required by section 6330(c)(3).

Your authorized representative, Sanford I Millar, has represented to Appeals that you agree with the proposed collection alternative described below. The proposed collection alternative balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

The determination of Appeals is:
The determination of Appeals is the proposed levy action is not sustained.

## BRIEF BACKGROUND

The Settlement Officer assigned to hear your case has had no prior involvement with respect to these liabilities either in a previous Appeals hearing or in Compliance activities.

Collection followed all legal and procedural requirements and the actions taken or proposed were appropriate under the circumstances.

Based on Form 12153 you indicated you were raising doubt as to liability. Appeals received information from area counsel showing you timely filed, and was granted, an extension of time to file with respect to your 2018 Form 1040 tax return. The postmark on the envelope bearing the taxpayer's 2018 Form 3520 is dated 10/15/2019, which makes the extension timely filed. Pursuant to § 7502 and related regulations, a return is deemed timely filed if it is timely mailed, i.e., if the postmarked date stamped on the return's envelope is on or before the return's due date, regardless of when the return is received.

Appeals agreed that the penalty should not have been assessed.

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D



**A PROFESSIONAL CORPORATION**

1900Avenue of the Stars
Suite 2300
Los Angeles, CA 90067
p: 310.556.3007
f: 310.556.3094
www.millarlawoffices.com

Sanford I. Millar, Principal
Certified Specialist Taxation Law
Email: smillar@millarlaw.net

**Via Telecopier (ONLY)**

Area Director

Internal Revenue Services

300 N. Los Angeles Street

Los Angeles, CA


Re: Claim of Marcus Mihalcheon under IRC§7430 and 7430

Dear IRS Official:

This Claim of taxpayer Marcus Mihalcheon is brought under IRC §7433 and 7430 for damages resulting from the Wrongful Assessment of a Form 3520 Penalty for tax year 2018 . The IRS has already determined that the Assessment and Levies were wrongful as established by the letter attached hereto and by this reference incorporated herewith (EX "A").  Not included in the return of funds Wrongfully Levied were the Damages suffered by the taxpayer and, a result of the Levy, including, but not limited to the following:

1.  Losses as a result of the forced sale of Securities in the sum of $305,675.04
2.  Attorneys fees in the sum of $97,518.25
3.  Costs of480.00_

This claim is based on the purely reckless conduct of the IRS in disregarding the postal cancellation date on the envelope containing Form 3520, a copy of which was attached to the IRS' response to a Freedom of Information Act request.  The IRS ignored the "Mailbox" rule and apparently based it Assessment of a  Form 3520 penalty in the gross amount of $7,500,000 ,  on the date the Form was actually received, in direct contravention of the "constructive receipt" doctrine set forth in the mailbox rule under IRC§ 7122.  This error was compounded when the Revenue Officer  Levied Wrongfully on taxpayer's bank and brokerage account.  The Levies resulted in taxpayer losing substantial appreciation in two equities which were sold to satisfy (in part) the Levy.  The equities and their publicly listed price when purchased and at the date of the refund ar:

Apple Lost appreciation $305,675.04

Ferrari: Lost appreciation $114,751.11

16



**MILLARLAW**
A PROFESSIONAL CORPORATION

Demand is hereby made fpr the sum of $518,437.78, including attorney's fees of 97,581.25 and costs of $480.38

A copy of Form2848 is attached.

Very truly yours,


Sanford Millar
SIM/ohb

17

**From:** send@mail.efax.com <send@mail.efax.com>
**Sent:** Wednesday, July 19, 2023 8:26 AM
**To:** Sanford I. Millar <smillar@millarlaw.net>
**Subject:** Successful transmission to 18558205133. Re: Claim For Damages

                    ®

Your fax was successfully sent to 18558205133 by eFax.

## Fax Details

**Date:** 2023-07-19 15:25:34 (GMT)
**Number of Pages:** 3
**Length of Transmission:** 78 seconds

Mobile Apps

© 2023 Consensus Cloud Solutions, Inc. or its subsidiaries (collectively, "Consensus"). All rights reserved.
eFax is a registered trademark of Consensus.
700 S. Flower St., 15th Floor, Los Angeles, CA 90017

This account is subject to the terms listed in the eFax Customer Agreement.